IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

WALTER G. SANDERS, JR.,
Defendant.

Case No. 09–CR–40069–JPG

## MEMORANDUM & ORDER

Before the Court are Defendant Walter G. Sanders, Jr.'s motions for a sentence reduction under Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. (ECF Nos. 1109, 1098). The Government responded. (ECF No. 1112). For the reasons below, the Court **DENIES** his motions.

### I. PROCEDURAL & FACTUAL HISTORY

In 2010, the Court sentenced Sanders to a 300-month term of imprisonment after he conspired to distribute 50 grams or more of crack-cocaine in violation of 21 U.S.C. § 841(b)(1)(A). (Indictment at 1–2, ECF No. 1; Judgment at 1, 3; ECF No. 396). At the time, the statute of conviction established a 20-year mandatory minimum on defendants with a prior conviction for a felony drug offense, which the Court imposed. (*See* Information to Establish Prior Conviction at 4, ECF No. 4). The Court then determined that Sanders had "a criminal history category VI, with a sentencing range of 292–365 months . . . ." (Statement of Reasons at 1, ECF No. 397). The total relevant conduct was nearly 2.5 kilograms. (Presentence Investigation Report at 13, ECF No. 341 [hereinafter "PSR"]).

Four years later, the Court reduced Sanders's sentence to 240 months based on a retroactive change in sentencing law. (Order at 1, ECF No. 829). Again, the Court noted that "[t]he sentence of 240 months is slightly above the low end of offense level 35, criminal history category IV (235–292 months), and is consistent with the original sentence." (*Id*. at 2).

Then, "[i]n 2018, Congress passed the First Step Act to address the disparities between sentences for crack and powder cocaine." *See United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020). "More specifically, if a defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act, he or she is eligible to have a court consider whether to reduce the previously imposed term of imprisonment." *Id.* For example, the Fair Sentencing Act modified "the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment[.]" *Id.* at 736.

> Drug-offense penalties under federal law depend in part on the weight and type of the drug at issue and in part on the defendant's prior convictions. For crack offenses committed before August 2010, the statutory penalties relating to imprisonment were the following:
>
> | Section 841 | Quantity | No prior offense | 1 prior offense | 2 prior offenses |
> | --- | --- | --- | --- | --- |
> | (b)(1)(A) | > 50 grams | 10 years–life | 20 years–life | life |
> | (b)(1)(B) | > 5 grams | 5-40 years | 10 years–life | 10 years–life |
> | (b)(1)(C) | any | 0–20 years | 0–30 years | 0–30 years |
>
> In 2010, Congress passed the Fair Sentencing Act. Section 2 of that Act, referred to in the First Step Act, changed the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment:

| Section 841 | Quantity | No prior offense | 1 prior offense | 2 prior offenses |
|---|---|---|---|---|
| (b)(1)(A) | > 280 grams | 10 years–life | 20 years–life | life |
| (b)(1)(B) | > 28 grams | 5-40 years | 10 years–life | 10 years–life |
| (b)(1)(C) | any | 0–20 years | 0–30 years | 0–30 years |

As the two charts illustrate, the Fair Sentencing Act changed the quantity that triggers certain penalties of imprisonment.

*Id.* at 736–37 (internal citations omitted). The First Step Act then made these changes apply retroactively to defendants that committed a covered offense before August 3, 2010, the enactment date of the Fair Sentencing Act. *Id.* at 737.

Now, Sanders contends that he is eligible for resentencing because he committed the underlying crack offense before August 3, 2010, and the penalty for that crime was modified by the Fair Sentencing Act. (Sanders's Mot. for Reduction at 1, ECF No. 1109).

## II.   LEGAL STANDARD

"A judge considering a motion for a reduced sentence under the First Step Act is faced with two questions. First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence? The first question, which concerns a defendant's eligibility for a sentence reduction, is governed by sections 404(a) and 404(c) of the First Step Act. If a defendant is eligible for a reduction, then a court 'may' impose a reduced sentence." *Shaw*, 957 F.3d at 739 (emphasis in original).

Like Sanders, two of the defendants in *Shaw* were convicted under § 841(b)(1)(A) before August 3, 2010, and thus received the mandatory-minimum penalty when the trigger amount was still only 50 grams. *Id.* at 738. There too, the defendants' relevant conduct was in the kilograms—

far exceeding the new trigger amount of 280 grams established by the Fair Sentencing Act. *Id.* Even so, the Seventh Circuit held that "the statute of conviction alone"—not the relevant conduct—"determines eligibility for First Step Act relief." *Id.* at 739. Conversely, the court rejected the Government's contention that trial judges should conduct "a fact-specific inquiry into the particular circumstances of the offense." *Id.* at 739. Rather, "whether an offense is covered simply depends on the statute under which a defendant was convicted." *Id.* So even though two defendants' relevant conduct exceeded the new trigger amount, they were still eligible for relief "because the Fair Sentencing Act modified the penalties" under § 841(b)(1)(A). *Id.; e.g.*, *United States v. Bethany*, 975 F.3d 642, 651 (7th Cir. 2020).

For all that, the Seventh Circuit decided *Shaw* after the parties filed their briefs. The Government's argument that the statutory text of the First Step Act "directs district courts to consider the defendant's actual conduct in determining eligibility," however, was addressed by the Seventh Circuit and rejected. *See Shaw*, 957 F.3d at 739. The Court, therefore, did not request supplemental briefing.

Applying *Shaw* here, Sanders is eligible for a sentence reduction. The underlying offense was committed before August 3, 2010; and the statute of conviction, § 841(b)(1)(A), was modified by the Fair Sentencing Act. That Sanders's relevant conduct exceeds the new trigger amount does not affect his eligibility because only the statute of conviction matters.

Eligibility, however, "is simply the gateway to resentencing under the First Step Act . . . . The district court's discretion to grant or deny the request for a reduced sentence is the main event." *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020). "Given the complexities of sentencing, the adequacy of a court's reasons for imposing a sentence depends on 'the circumstances of the particular case.'" *Shaw*, 957 F.3d at 740 (quoting *Chavez-Mesa v. United States*, 138 S. Ct. 1959,

1965 (2018)). And the sentencing factors under 18 U.S.C. § 3553 provide a "familiar framework when assessing whether to impose a reduced sentence." *Id.* at 741. *But see id.* at 741 n.2 ("We leave for another day whether a court is *required* to take § 3553(a) into consideration.") (emphasis added). Generally, "[t]he judge need not address every factor 'in checklist fashion, explicitly articulating its conclusions regarding each one.'" *See United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)). Rather, it is enough to "simply give an adequate statement of reasons, consistent with § 3553(a), for thinking" that a sentence reduction is—or is not—appropriate. *See Shannon*, 518 F.3d at 496; *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[A] district court's discretion in this area—as in all sentencing matters—is broad.").

The § 3553(a) factors set forth these considerations:

(1) the nature and circumstances of the offense and the history and characteristic of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . or;

>   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;
>
> (5) any pertinent policy statement—
>
>   (A) issued by the Sentencing Commission . . . ; and
>
>   (B) that . . . is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

With that in mind, the § 3553(a) factors weigh against a sentence reduction here. Sanders asks the Court to set the matter for a hearing; to appoint counsel; and to hear arguments about the Sentencing Guidelines and the § 3553(a) factors. (Sanders's Mot. for Reduction at 4). Further briefing, however, is unlikely to impact the Court's decision. According to the PSR, Sanders pooled his money with a coconspirator "and purchased kilogram quantities of powder and/or crack cocaine from their supplier(s)." (PSR at 7). He "was also a distributor of large quantities of crack cocaine," once called him the "biggest crack cocaine dealer in Centralia." (*Id.* at 8). "A search warrant was executed at Sanders's home in September 2009, at which time a firearm was recovered." (*Id.*). Again, the total relevant conduct was nearly 2.5 kilograms of crack cocaine. (*Id.* at 13). While the relevant conduct does not affect eligibility, it is properly considered as part of *the nature and circumstances of the offense*. So although the statute of conviction makes Sanders eligible for relief under the First Step Act, "it is a serious matter to play an important role in a conspiracy selling an illegal substance, as [Sanders] did, and the evolving view towards crack-cocaine offenses does not change that." *United States v. Price*, 835 Fed. App'x 141, 142 (7th Cir. 2021). Indeed, as the Government notes, if the purpose of the First Step Act was to remedy

sentencing disparities, then reducing Sanders's sentence would have the opposite effect. For all that, Sanders's motions focus solely on his eligibility for relief—they say nothing about why the Court *should* reduce his sentence. The Court, however, will exercise its discretion and deny relief: The current sentence of 240 months is sufficient, but not greater than necessary, to advance the purposes of punishment.

### III.   CONCLUSION

The Court **DENIES** Defendant Walter G. Sanders, Jr.'s motions for a sentence reduction.

**IT IS SO ORDERED.**

**Dated: Friday, March 19, 2021**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
