IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>WALTER G SANDERS, JR.,<br>Defendant. | Case No. 09–CR–40069–JPG |

## **MEMORANDUM & ORDER**

This matter comes before the Court on Defendant Walter G. Sanders, Jr. ("Defendant" or "Sanders") motion to reduce sentence. (Doc. 1250). Sanders moved for a motion to reduce under 18 U.S.C. § 3582(c)(1)(A), a motion for compassionate release. He states the recent Seventh Circuit decision in *Ruth*, which held Sanders' prior drug offense no longer qualifies as a predicate offense, the disparity in sentences between co-defendants, Sanders' eligibility for retroactive amendments, and Sanders' rehabilitation.

Sanders pleaded guilty in 2010 to distributing crack cocaine, for which he faced a statutory minimum sentence of 240 months in prison. See 21 U.S.C. § 841(a)(1), (b)(1)(A) (2010). This Court calculated a guideline range of 292 months to 365 months. The Government and probation office had proposed a guideline range of 360 months to life based on criminal history of VI. This Court rejected that and sentenced Sanders to 300 months in prison. Four years later in 2014 this Court reduced Sanders' sentence to the statutory minimum of 240 months based on an amendment to the Guidelines. In 2019, Sanders moved to reduce his sentence again under Section 404(b) of the First Step Act of 2018, which the Court denied. Sanders appealed that denial, which the Seventh Circuit Court of Appeals recently affirmed. *United States v. Sanders*, No. 21-2643, 2022 WL 4104024, at *2 (7th Cir. Sept. 8, 2022)*,* reh'g denied, No. 21-

2643, 2022 WL 17834560 (7th Cir. Dec. 21, 2022). Sanders' release date is April 24, 2027.

https://www.bop.gov/inmateloc/ (last visited March 8, 2023).

The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move.  First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).  The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for compassionate release.  *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).  Otherwise the warden is not equipped to properly consider the defendant's request.

As for the final clause of § 3582(c)(1)(A), there is no applicable Sentencing Commission policy statement regarding motions for compassionate release filed by defendants.  *Gunn*, 980 F.3d

at 1180.  The existing compassionate release policy statement, United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, applies only to motions filed by the BOP, not defendants themselves, "[a]nd because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *Id.*  Nevertheless, the substantive aspects of U.S.S.G. § 1B1.13 provide a "working definition" of "extraordinary and compelling reasons" that should guide the Court's discretion without strictly confining it. *Id.*  A court that "strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.*  Additionally, the Court should give substantial weight to the BOP's analysis regarding "extraordinary and compelling reasons" in any particular case. *Id.*

So the Court looks to U.S.S.G. § 1B1.13 for guidance.  That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community.  U.S.S.G. § 1B1.13(2).[1]  The application notes further define "extraordinary and compelling reasons" to include, as relevant for this case:

> **(A)** **Medical Condition of the Defendant.—**
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

\* \* \*

---

[1] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

> **(D)** **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n. 1.

Thus, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies,[2] and the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court uses U.S.S.G. § 1B1.13 cmt. n. 1 to guide its discretion in this regard and should give great weight to the BOP's analysis regarding "extraordinary and compelling reasons," if it has given any such analysis. *Gunn*, 980 F.3d at 1180. The Court now turns to the specifics of the defendant's case.

A motion for compassionate release allows individuals suffering from a terminal illness, a serious medical condition, cognitive impairment, deteriorating health from aging, or some other "extraordinary and compelling reason" justifying release. Sanders is 42 years of age and currently incarcerated at Bennettsville FCI. His release date is April 24, 2027. https://www.bop.gov/inmateloc/ (last visited March 8, 2023). Sanders does not allege he is suffering from any serious medical condition, is not deteriorating health from aging, and does not allege any other "extraordinary and compelling" reason as to why his health requires release.

---

[2] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

Sanders argues his current incarceration and his guideline computation is an "extraordinary and compelling" reason that justifies his release. This reasoning is not in line with purpose and policy in compassionate release motions.

The Court notes that recently, the Seventh Circuit hinted the Illinois conviction that this Court relied upon to enhance Sanders' statutory minimum to 240 months no longer counts as a predicate "felony drug offense" for a sentencing enhancement under 21 U.S.C. § 841(b)(1)(C). Sanders also points to this language in support of his motion for compassionate release. However, these arguments cannot be made in a motion for compassionate release.

Sander's argument that changes in sentencing laws constitute an extraordinary and compelling reason for a compassionate release fail because such arguments must be made under 28 U.S.C. § 2255 or similar provisions allowing a defendant to attack his sentence. Defendants may not do an end-run around the limitations that apply to such motions by casting arguments in terms of a compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) ("There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.").

The Seventh Circuit has stated that its decision in "*Ruth*—even if viewed as announcing new law or a new interpretation of an existing statutory provision—cannot alone constitute an "extraordinary and compelling" reason authorizing a reduced sentence under § 3582(c)(1)(A)". *United States v. Brock*, 39 F.4th 462, 465 (7th Cir. 2022). "Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction. To permit otherwise would allow §

3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255." *Id*. at 466 (7th Cir. 2022); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) ("There's nothing 'extraordinary' about new statutes or caselaw.").

Sanders did move for a Section 404 motion, which the Court was considering after *Ruth*. In fact, for Sanders' Section 404 motion, the Court invited a public defender to appear on Sanders behalf but Sanders requested that counsel withdraw from further representation on August 2019, which the Court granted. The Court would have been required to consider intervening changes in the law, like *Ruth*, that Sanders now references in his motion for compassionate release. *Brock*, 39 F.4th at 465–66. In fact, the Court issued a ruling to Sanders Motion under Section 404(b) of the First Step Act in March 2021, whereby Sanders could have brought up *Ruth* (July 20, 2020), and the Court would have been required to consider it.

Next, Sanders asks this Court to consider retroactive amendments based on 404(b) of the First Step Act. As stated above, the Court considered Sanders' motion for a reduction under the First Step Act, which the Court denied because the sentencing factors under 18 U.S.C. § 3553(a) weighed against a second sentence reduction. The Seventh Circuit Court of Appeals recently affirmed the Court's decision. Sanders timely appealed the Court's denial of his motion, and the Seventh Circuit affirmed on appeal. Sanders' disagreement with the Court's decision is not a basis for "extraordinary and compelling reasons" justifying release.

Next, the Court is not persuaded by Sanders' next argument regarding a sentencing disparity between him and co-defendants sentences. Thus, the Court is not persuaded by Defendant's first argument in support of compassionate release. *See also, e.g., United States v. Arojojoye*, 806 F. App'x 476, 477–78 (7th Cir. 2020) (rejecting argument that unwarranted sentence disparities constitute "extraordinary and compelling" reasons to justify compassionate

release or a sentence reduction). Additionally, Sanders asks the Court to look at his post-conviction rehabilitation. (Doc. 260 at 11). However, the Seventh Circuit has been clear. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason justifying release. *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022); U.S.S.G. § 1B1.13 cmt. n.3. The Court applauds Sanders' efforts to program and rehabilitate, but it cannot be considered an extraordinary and compelling reason justifying release.

A district court may grant a motion for compassionate release only when the § 3553(a) factors support it. *United States v. Kurzynowski*, 17 F.4th 756, 760 (7th Cir. 2021). On a recent sentence to reduce based on 404(b) of the First Step Act on March 19, 2021, the Court evaluated Sanders' conduct under § 3553(a). The same reasoning that existed at sentencing, and on March 19, 2021, exist today. The sentence promoted respect for the law, reflected the seriousness of his crime, deterred Sanders' criminal drug behavior, and recognized the need to protect the public.

For these reasons, Sanders Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

However, the Court **DIRECTS** the Clerk of the Court send blank § 2241 forms to Sanders. Without making any determinations on the potential success of any § 2241 motion, the Court will send Sanders blank § 2241 forms to file in the jurisdiction wherever he is incarcerated.

**IT IS SO ORDERED.**
**DATED: March 15, 2023**

                                                   /s/   J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **UNITED STATES DISTRICT JUDGE**