IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

WALTER G SANDERS, JR.,
Defendant.

Case No. 09–CR–40069–JPG

## MEMORANDUM & ORDER

This matter comes before the Court on Walter G. Sanders, Jr. ("Sanders" or "Defendant") Motion for Reconsideration (Doc. 1255). On March 15, 2023, the Court denied Sanders' Motion for Compassionate Release Pursuant to the First Step Act. Sanders filed his intent to appeal, which the Court construed as a Notice of Appeal. (Doc. 1253). Based on the Court's finding of good cause, Sanders' notice of appeal is timely. On May 8, 2023, the Seventh Circuit Court of Appeals docketed Sanders' case and issued him an appeal number. (Doc. 1259).

A district court does not have jurisdiction to grant a Rule 60(b) motion filed while the case is on appeal. *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999). It does, however, have jurisdiction to deny such a motion, and should do so expeditiously if the motion appears to be without merit. *Id*. Therefore, the Court will consider Sanders' motion for reconsideration.

First, Sanders argues that this Court should apply the "Fourth Circuits procedural and substantive reasonableness 3 prongs." (Doc. 1255 at 2). A district court is bound to follow circuit court authority for its own circuit, in absence of Supreme Court ruling on issue, unless powerfully convinced that circuit court would overrule precedent at first opportunity. *Brenner v. Brown*, 814 F. Supp. 717 (N.D. Ill. 1993). The Court is unconvinced, and Sanders does not point to anything that indicates the Seventh Circuit would overrule precedent and adopt Fourth Circuit standards

related to compassionate release motions. District courts are bound by Seventh Circuit precedent and it must follow Seventh Circuit decisions even if it believes those decision are wrong or mistaken. *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510 (N.D. Ill. 2018). Indeed, district courts are not bound by opinions of other districts or other circuits, and must apply the law of the circuit in which it sits. *Id*. at 515. Therefore, Court declines Sanders' request to apply Fourth Circuit caselaw when the Court's decision applied applicable Seventh Circuit caselaw, in accordance to its obligations.

Next, Sanders argues that the "Fair Sentencing Act" would give Sanders an "extraordinary and compelling" reason justifying release. Specifically, Sanders indicates that *Ruth* and the Fair Sentencing Act, allows the Court to apply intervening case law and resentence Sanders. However, as the Court stated previously, defendants may not do an end-run around the limitations that apply to such motions by casting arguments in terms of a compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) ("There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255."). Sanders did not request this Court for a reduction in sentence under the Fair Sentencing Act, he filed for a compassionate release. The Seventh Circuit has stated that its decision in "*Ruth*—even if viewed as announcing new law or a new interpretation of an existing statutory provision—cannot alone constitute an "extraordinary and compelling" reason authorizing a reduced sentence under § 3582(c)(1)(A)". *United States v. Brock*, 39 F.4th 462, 465 (7th Cir. 2022). Sanders has already moved under Section 404. The Court issued a ruling in March 2021 (Ruth was decided on July 20, 2020). Sanders had an opportunity to address intervening case law at that time.

Next, Sanders hints that an appeal to the Seventh Circuit "would be futile at this point" and therefore requested reconsideration of his arguments. (Doc. 1255 at 2). However, an appeal has already been docketed by the circuit clerk. Because an appeal has already been docketed and an appeal number has already been assigned, if Sanders wishes to withdraw his appeal, that request must be made to the Seventh Circuit Court of Appeals. *See generally* Federal Rule of Appellate Procedure 42(a) ("*Before an appeal has been docketed by the circuit clerk*, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties.") (emphasis added).

The Court therefore **DENIES** Sanders' Motion for Reconsideration (Doc. 1255). Because an appeal has been docketed, the Court no longer has jurisdiction over this matter and his requests must be made to the Seventh Circuit Court of Appeals. If Sanders wishes to withdraw his appeal, that request must be made to the Seventh Circuit. The Court **DIRECTS** the Clerk of the Court to send a copy of this Order to the Seventh Circuit Court of Appeals to be used in Appeal Case No. 23-1872.

**IT IS SO ORDERED.**
**DATED: May 9, 2023**

                                                    /s/   J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **UNITED STATES DISTRICT JUDGE**