UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALTER G. SANDERS JR.,<br><br>　　　　Defendant. | Case No. 09-cr-40069-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a motion for compassionate release. (Doc. 1266). The Defendant filed his motion on November 3, 2023. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** the motion.

**I.    INTRODUCTION**

Walter Sanders has moved for compassionate release. Primarily, Sanders argues that he qualifies for compassionate release because he has an "unusually long sentence." He presents five arguments in total for compassionate release; four of them the Court has addressed in his previous motions for compassionate release and do not require a new analysis. Consequently, the Court's analysis shall be confined to his argument that he has an "unusually long sentence."

The Government opposes Sanders's motion for compassionate release on the merits. Additionally, the Government argues that the United States Sentencing Commission (USSC) (hereinafter "Commission") exceeded their statutory authority by adding "unusually long sentence[s]" to the list of "extraordinary and compelling reasons" for compassionate release. This highly controversial decision by the Commission has generated a split within the Seventh Circuit. As the split will likely be resolved by the Court of Appeals, and Sanders's motion can be

1

resolved without determining the lawfulness of the Commission's actions; the Court need not address that issue here.

## II.   BACKGROUND

On February 19, 2010, Sanders pled guilty to multiple crack cocaine offenses. At sentencing, Sanders had a significant criminal history, which included cocaine convictions under Illinois law. These prior convictions qualified Sanders for a 21 U.S.C. § 851 enhancement. Ultimately, he was given a significant downward variance of 300 months. On May 27, 2014, pursuant to a retroactive Sentencing Guideline change, the Court reduced his sentence to 240 months—the statutory minimum with the § 851 enhancement.

Sanders has filed several other motions following his conviction, including two previous motions for compassionate release. (Docs. 1135, 1250). In denying his motions, the Court determined, inter alia, that the § 3553(a) factors did not weigh in favor of reduction.

## III.   LEGAL STANDARD

Under Amendment 814, defendants may move for compassionate release if they are serving an "unusually long sentence." § 1B1.13(b)(6) (hereinafter "ULS"). To qualify for a ULS reduction, a defendant must show that:

(1) Their sentence is "unusually long;"

(2) They have served at least ten years of that sentence;

(3) The law has changed; and,

(4) As a result of that change, there would be a "gross disparity" between a sentence imposed today and their current sentence—after full consideration of the individualized circumstances.

If a defendant satisfies this criterion, then "[the] change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason" for compassionate release. *Id*.

If a defendant does *not* qualify, a change in law *cannot* be considered when evaluating whether the defendant presents "extraordinary and compelling reasons." *However*, if a defendant can show they qualify for compassionate release on *other* grounds, a change in law "may be considered for purposes of determining the *extent*" of the reduction. USSG § 1B1.13(c) (emphasis added) (hereinafter "Limitation Provision").

Essentially, if a prisoner does not qualify for ULS, a change in law cannot be grounds for compassionate release—neither in whole nor in part. However, if a prisoner can establish other grounds for compassionate release, then a change in law can be considered in determining a new appropriate sentence.

Regardless, if a defendant proves "extraordinary and compelling reasons" exist for a reduction, the Court then considers the § 3553(a) factors in determining whether compassionate release is warranted.

## IV.   ANALYSIS

Here, Sanders does not qualify for ULS because his sentence is not "unusually long;" *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) is not a change in law, and there would be no great disparity between his original sentence and a sentence imposed today. However, even if Sanders did qualify for a ULS reduction the 3553(a) factors do not warrant compassionate release—as this Court found in 2021 and 2023.

**Sanders's Sentence is not "Unusually Long"**

The Commission did not explain what sentence qualifies as "unusually long," so the Court will default to the plain meaning of the phrase. "Unusually long" necessarily denotes that

the sentence is abnormally longer than sentences for similar defendants. Sanders's sentence of 240 months is not abnormally longer than a sentence another defendant with his offense level and criminal history would receive. In fact, it is on the low end of the guideline range.

Sanders believes that his criminal history category at sentencing was not VI but IV. Recalculating his guideline range from a criminal history category of IV instead of VI, his sentence is a few months above the guideline range. Sanders argues that his original criminal history category was VI. However, many of his criminal history points came from traffic-related offenses. (Doc. 637). At sentencing, there was a disagreement over whether his criminal history had been overstated and what his criminal history category would be without those offenses. (Id.). Sanders claims that the Court believed his criminal history was overstated and thus sentenced him under a criminal history category of IV. (Doc. 1266).

He is incorrect.

While the Court did engage in a hypothetical calculation of his criminal history category if his traffic offenses were taken off, the Court did not adjust his criminal history category or his criminal history points. The Court did not sentence Sanders under a different criminal history category. Rather, the Court varied downward from the guideline range and sentenced Sanders to 300 months. The Court believed that, given so many points were derived from traffic related offenses, that a downward departure was "a reasonable sentence under all the circumstances, given [his] history." (Doc. 637).

After Sanders filed a motion for sentence reduction in 2014, the Court resentenced Sanders to 240 months—the mandatory minimum with the § 851 enhancement. The mandatory minimum is not "unusually long." While the § 851 enhancement no longer applies, even recalculating his sentence without the enhancement, his sentence would still be at the low end of

the guideline range. Therefore, Sanders's sentence is not "unusually long" and fails to satisfy the first factor for a ULS reduction.

### *Ruth* is not a Change in Law

In *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), the Appellate Court found that a prior Illinois conviction for cocaine did not qualify for an § 851 enhancement.

Sanders was sentenced before *Ruth* and he received an § 851 enhancement for a prior Illinois cocaine conviction. Sanders believes that *Ruth* is a change in the law and, therefore, he qualifies for a sentence reduction based on that change. However, as the Government points out and this Court previously ruled, (Doc. 1251), *Ruth* is not a change in the law for the purposes of compassionate release. As this Court has explained to Sanders before and the Court will explain again, if he wants to receive a reduction as a result of *Ruth*, he must file a § 2255 petition. Regardless, the law has not changed and Sanders fails to satisfy the change in law requirement for a ULS reduction.

### There Would not be a "Gross Disparity" Between Sentences

Without the § 851 enhancement, the Government has recalculated Sanders's sentencing range as follows:

Sanders's offense level would be reduced by 4, but Sanders's criminal history would remain at VI. Accordingly, his sentencing range would be lower, but his current sentence of 240 months is near the low end of that recalculated guideline range. Thus, even if he were resentenced today, assuming he was given a sentence at the lowest end of the guideline range, there *still* would be no great disparity between his current sentence and that hypothetical new sentence. Therefore, because there is no indication that there would be a gross disparity between

his current sentence and a revised sentence if he was sentenced today, Sanders fails to satisfy the gross disparity requirement for a ULS reduction.

### There are Other Reasons to Deny Compassionate Release

Even if Sanders qualifies for compassionate release for "extraordinary and compelling reasons." The Government outlines multiple reasons why Sanders should not be considered for compassionate release. Primarily, the fact that this Court in 2021 found that the § 3553(a) factors precluded a sentence reduction and affirmed that conclusion in early 2023. The Government quotes the Court in their motion:

> With that in mind, the § 3553(a) factors weigh against a sentence reduction here. Sanders asks the Court to set the matter for a hearing; to appoint counsel; and to hear arguments about the Sentencing Guidelines and the § 3553(a) factors. (Sanders's Mot. for Reduction at 4). Further briefing, however, is unlikely to impact the Court's decision. According to the PSR, Sanders pooled his money with a coconspirator "and purchased kilogram quantities of powder and/or crack cocaine from their supplier(s)." (PSR at 7). He "was also a distributor of large quantities of crack cocaine," once called him the "biggest crack cocaine dealer in Centralia." (Id. at 8). "A search warrant was executed at Sanders's home in September 2009, at which time a firearm was recovered." (Id.). Again, the total relevant conduct was nearly 2.5 kilograms of crack cocaine. (Id. at 13). While the relevant conduct does not affect eligibility, it is properly considered as part of the nature and circumstances of the offense. So although the statute of conviction makes Sanders eligible for relief under the First Step Act, "it is a serious matter to play an important role in a conspiracy selling an illegal substance, as [Sanders] did, and the evolving view towards crack cocaine offenses does not change that." *United States v. Price*, 835 Fed. App'x 141, 142 (7th Cir. 2021). . . . The Court, however, will exercise its discretion and deny relief: The current sentence of 240 months is sufficient, but not greater than necessary, to advance the purposes of punishment.

(Doc. 1182) (quoting Court's March 19, 2021 Order Denying any Further Reduction in Sentence). The factors that the Court contemplated in examining Sanders's motion for compassionate release in 2021 have remained unchanged: Sanders played a significant role in the conspiracy, there were large quantities of drugs involved, Sanders had a prominent role in the

distribution ring within Centralia, and he possessed a firearm alongside kilograms of crack cocaine. The Court's evaluation of Sanders's conduct and the appropriate sentence has, likewise, remained unchanged. Thus, even if he showed that he satisfied the ULS provision, the § 3553(a) factors weigh against a reduction.

### Regarding Amendment 814

The above analysis assumes *arguendo* that Amendment 814 was lawful. As Sanders does not qualify under Amendment 814's changes and Sanders certainly does not qualify for compassionate release prior to Amendment 814's changes—regardless of whether the Amendment is lawful or unlawful—the result is the same. Therefore, it is unnecessary for the Court to resolve the lawfulness of the Amendment here. As such, nothing in the Court's analysis should be interpreted as staking a position on the lawfulness or unlawfulness of the Amendment.

## V. CONCLUSION

As Sanders fails to present any extraordinary or compelling reasons and the § 3553(a) factors weigh against reduction, Sanders's motion for compassionate release, (Doc. 1266), is hereby **DENIED**.

**IT IS SO ORDERED.**
**DATED:  June 20, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**